IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JASON C.,[1]

Plaintiff,

vs.

FRANK J. BISIGNANO, Commissioner of the
Social Security Administration,

Defendant.

**8:25CV696**

**MEMORANDUM AND ORDER ON PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES PURSUANT TO 28 U.S.C. § 2412(D), THE EQUAL ACCESS TO JUSTICE ACT**

This action for judicial review of the administrative denial of social security disability insurance benefits and supplemental security income benefits is before the Court on Plaintiff's Petition for Attorney's Fees Pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act. Filing 19. Plaintiff seeks the award of attorney's fees after a "sentence four" remand to the Commissioner for further proceedings. Filing 17 (order); Filing 18 (Judgment). Plaintiff requests attorney's fees in the amount of $8,700.00. Filing 19 at 1. In a Response, the Commissioner states that he does not object to an award of attorney's fees in the amount requested. Filing 20 at 1.

The Equal Access to Justice Act (EAJA) is codified in part at 28 U.S.C. § 2412(d). In pertinent part, § 2412(d) provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the Unites States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A § 2412(d)(1). The Eighth Circuit Court of Appeals has explained,

---

[1] The Court will refer to Plaintiff by first name and first initial of last name to protect his privacy.

1

> Although a social security claimant may be a prevailing party for purposes of the EAJA, a fee award under the EAJA is not available unless the Commissioner lacked substantial justification for her position. 28 U.S.C. § 2412(d)(1)(A). A position enjoys substantial justification if it has a clearly reasonable basis in law and fact. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). Accordingly, the Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award so long as the Commissioner's position had a reasonable basis in law and fact. *Id.* Further, a loss on the merits by the Commissioner does not give rise to a presumption that she lacked substantial justification for her position. *Keasler v. United States*, 766 F.2d 1227, 1231 (8th Cir. 1985). The Commissioner does, however, at all times bear the burden to prove a substantial justification. *Id.*

*Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). The Supreme Court has observed that "[n]o holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g)." *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993); *Pottsmith v. Barnhart*, 306 F.3d 526, 529 (8th Cir. 2002) (quoting *Schaefer*, 509 U.S. at 300). An award of attorney's fees pursuant to the EAJA "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

Here, Jason C. obtained a remand pursuant to sentence four of § 405(g), *see* Filing 17 at 2-3; Filing 18, so he is a "prevailing party" within the meaning of the EAJA. *Schaefer*, 509 U.S. at 300. The Court recognizes that the Commissioner did not admit that his position was not substantially justified in either his Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), Filing 15, his supporting Brief, Filing 16, or his Response to Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act, Filing 20. Nevertheless, the Commissioner has conceded Jason C.'s status as a prevailing party by filing an Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. §405(g), Filing 15, and by not opposing the award of EAJA fees, Filing 20. Also, the Commissioner stated in his Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g),

2

that he "request[ed] the Court to remand this case to allow the Commissioner to conduct further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and Melkonyan v. Sullivan, 501 U.S. 89 (1991)." Filing 15.  Thus, by conceding the need for remand and by not opposing the award of fees pursuant to the EAJA, the Commissioner has conceded that his position was not "substantially justified."

The remaining issue is the amount of the award. The Court must allow fees for hours that "reasonably and adequately account [] for the attorney's court related services." *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994). As to the hourly rate, "[t]he statutory rate for attorney fees for a prevailing social security claimant is '$75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'" *Stockton*, 36 F.3d at 50 (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). In this case, Plaintiff's counsel seeks an adjusted hourly rate of $228.89, adjusted for the cost of living, for 38.01 hours for a total of $8,700.00 as compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d). Filing 19 at 3; Filing 19-1 at 7; Filing 19-2 at 1. The Court finds that this award is appropriate under the EAJA as to hours and hourly rates.

Finally, Plaintiff requests that the attorney's fees award be delivered to Larkin Law Practice. Filing 19 at 6-7. The Commissioner requests that, in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fees be paid by the Social Security Administration and made payable to Plaintiff as the litigant and may be subject to offset to satisfy any pre-existing debt that the litigant may owe to the United States. Filing 20 at 1. The Court agrees that *Ratliff* requires payment of the EAJA fees to Jason C. as the prevailing party rather than to his counsel. *Ratliff*, 560 U.S. at 589.

Accordingly, upon the foregoing,

IT IS ORDERED that Plaintiff's Petition for Attorney's Fees Pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act, Filing 19, is granted, and plaintiff Jason C. is awarded $8,700.00 in attorney's fees pursuant to 28 U.S.C. § 2412(d).

IT IS FURTHER ORDERED that

1.    The attorney's fees award shall be paid by the Social Security Administration, shall be made payable to Plaintiff (using his full name), and shall be delivered to Larkin Law Practice, if the U.S. Treasury determines that Plaintiff does not owe a federal debt;

2.    Payment of the attorney's fees in the amount specified shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to attorney fees under the EAJA in connection with this action; but

3.    This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA in connection with this action.

Dated this 15th day of July, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge

4